UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS ROSENBAUM, GARY KASACZUN, JONI KASACZUN, EDGAR C. JONES LIVING TRUST, ROBERT SEXTON, ELIZABETH STERN, DELEN TENNYSON, WILLIAM METHOD, RICK SANDUSKY, ELIZABETH SANDUSKY, SANDUSKY, LLC, VEYING TONE, WILLIAM LISOWSKI, JULIE LISOWSKI, LUCINDA ORWOLL, RON HOOD, ROYCE WHANG, SEAN SMOLSKI and RFL FINANCIAL, LLC,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>CHAD SEYBOLD, WAYNE SEYBOLD, LAURA SEYBOLD, SCOTT WATERMAN, SEYTRON, LLC, SEYTRON, L.L.C., SEYTRON PROPERTIES, LLC, SEYTRON PROPERTY HOLDING, L.L.C., SEYTRON INVESTORS NO. 1, L.L.C., SEYCAD CONSTRUCTION, LLC, SEYTRON CONSTRUCTION, LLC, SEYCAD, LLC, BPOE, LLC, BEST PLACE ON EARTH, GARY L. NUNLEY d/b/a GARY L. NUNLEY APPRAISAL SERVICE, APPRAISAL RESOURCE GROUP, IMPACT FINANCIAL, LLC, IMPACT FINANCIAL GROUP, LLC, SEYBOLD MONTESSORI ACADEMY, INC. and JOHN DOES 1-10,  )<br><br>Defendants.  ) | CAUSE NO.: 1:06-CV-352-TS |

**OPINION AND ORDER**

**A.      Background**

On October 26, 2006, the Plaintiffs filed a Complaint against the Defendants under The

Securities Act of 1933, the Securities Exchange Act of 1934, the Rackateer Influenced and

Corrupt Organizations Act (RICO), and state law. The Plaintiffs requested the appointment of a receiver to manage certain investment properties. They also requested a preliminary injunction to enjoin the Defendants from destroying records related to the investment properties, from denying the Plaintiffs' access to such records, from transferring or selling any interest in the investment properties, and from using monies derived from the properties.

On November 1, 2006, the Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, Appointment of a Receiver and for Expedited Hearing [DE 14]. On November 6, 2006, the Court held a telephone conference with counsel of record for the Plaintiffs. Plaintiffs' counsel represented that most of the Defendants had been properly served with the Complaint, however, a the time of the hearing, no attorney had entered an appearance on behalf of any of the Defendants. An in-person motion hearing was tentatively scheduled for November 15, 2006, for the Court to hear evidence on the motion for preliminary injunction and motion for appointment of a receiver. Plaintiff's counsel requested that the Court issue a Temporary Restraining Order (TRO) to remain in effect until the date of the hearing.

On November 6, 2006, the Plaintiffs filed an Amended Complaint to add parties not named in the original Complaint.

**B.     Analysis**

Federal Rule of Civil Procedure 65(b) governs TROs. A temporary restraining order may be granted "without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse

2

party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b).  In addition to the factors described in Rule 65(b), a court may consider the probability that the requesting party will prevail on the merits and the balance of harms. *Coca-Cola Co. v. Alma-Leo U.S.A., Inc.*, 719 F. Supp. 725, 727 (N.D. Ill. 1989) (citing *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380 (7th Cir. 1984)).

The Plaintiffs' application for a TRO fails on several fronts.

First, none of the statements in the Plaintiffs' submission were sworn under the penalty of perjury or notarized.  They bear only the signature of the Plaintiffs' attorney. Rule 65(b)(1) requires that an applicant set forth facts in an affidavit or certified complaint.

Second, the Plaintiffs have not filed a brief in support of their request for a TRO, as required by Local Rule 65.1:

> The court will consider a request for preliminary injunction or a temporary restraining order only when the moving party files a separate motion for such relief. If the motion is for a temporary restraining order, in addition to fully complying with all the requirements of Fed. R. Civ. P. 65(b), the moving party also *shall* file with its motion a supporting brief.

N D. Ind. L.R. 65.1 (emphasis added). Without this brief the Court cannot determine whether the issuance of a TRO is justified and cannot "set forth the reasons for its issuance," as required by Rule 65(d).

Third, the Plaintiffs have not provided the Court with any basis upon which to determine a proper bond. "No restraining order . . . shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as

may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

**C.    Conclusion**

For the foregoing reasons, the Plaintiffs' request for a TRO is DENIED. (DE 14 is DENIED in PART and remains pending as to the Plaintiffs' other requests). The motions for permanent injunction, preliminary injunction and temporary restraining order (DE 2) are RENDERED MOOT. The expedited hearing on the Plaintiff's Motion for Preliminary Injunction and Appointment of Receiver, tentatively scheduled for November 15, 2006, is now VACATED. The Plaintiffs are DIRECTED to file a brief in support of their request for injunctive relief on or before Friday, November 17, 2006. Any Defendant entering an appearance on the record is DIRECTED to respond to the Plaintiffs' brief in support of injunctive relief on or before Monday, November 27, 2006. The Court will then, if necessary, set an evidentiary hearing on the matter.

SO ORDERED on November 7, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION