UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS ROSENBAUM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:06-CV-00352 |
| | ) | |
| CHAD SEYBOLD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

On May 11, 2007, Defendants Beau Jack White, James Thomas Beaman, and Johnson &

Beaman (collectively, the "Defendant Attorneys") filed a Motion for a More Definite Statement

(Docket # 85), requesting that the Court order the Plaintiffs to make their Third Amended

Complaint (Docket # 65) more definite and certain with respect to the claims advanced against

them.  The matter is now fully briefed, as the Plaintiffs filed a response on May 30, 2007

(Docket # 117), and the Defendant Attorneys filed a reply on June 5, 2007 (Docket # 118).  For

the reasons provided herein, the Defendant Attorneys' Motion for a More Definite Statement

will be GRANTED.

**Factual and Procedural Background**

On October 26, 2006, Plaintiff filed a Complaint against the Defendants, alleging

numerous claims, including claims under The Securities Act of 1933, The Securities Exchange

Act of 1934, and the Racketeer Influenced and Corrupt Organizations Act pursuant to 18 U.S.C.

§ 1962 ("RICO"). (*See* Docket # 1, 65.)  The Plaintiffs advanced their claims as a result of their

unsuccessful investment in certain real estate holding companies organized by one or more of the

Defendants for the purpose of acquiring, rehabbing, and renting residential properties. (Third Am. Compl. ¶ 30, 31, 55.)

The Plaintiffs filed a First Amended Complaint (Docket # 17) on November 6, 2006, and filed a Second Amended Complaint (Docket # 26) ten days later.  On April 27, 2007, the Plaintiffs filed yet a Third Amended Complaint. (Docket # 65.)

Despite these amendments, the Defendant Attorneys filed the instant Motion, seeking yet another amendment to the Plaintiffs' pleading.  They assert that the "lack of specificity" in the Plaintiffs' Third Amended Complaint causes them to be "unable to admit or deny the allegations." (Reply in Supp. of Defs.' Mot. for a More Definite Statement at 2.)

## Applicable Legal Standard

A motion for a more definite statement is governed by Federal Rule of Civil Procedure 12(e): "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See also Dashner v. Brinker Int'l, Inc.*, No. 99-26-DRH, 1999 WL 1567774, at *1 (S.D. Ill. March 19, 1999).  "Rule 12(e) is designed to prevent unintelligibility rather than lack of detail." *Hilst v. Freedom Graphic Sys.*, No. 03-C0186-C, 2003 WL 23190928, at *1 (W.D. Wis. Aug. 27, 2003); *see also Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559-60 (N.D. Ill. Nov. 2, 1994).  "A motion for a more definite statement should be denied if it meets the notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that they are able to respond." *Trans States Airlines v. Pratt & Whitney Can., Inc.*, No. 92 C 1658, 1992 WL 211023, at *2 (N.D. Ill. Aug. 21, 1992).

2

Generally, a motion for a more definite statement should not be used "to obtain factual details or as a substitute for discovery." *Hilst*, 2003 WL 23190928, at *1; *Moore*, 869 F. Supp at 559-600.  However, a motion for a more definite statement is appropriate when a plaintiff fails to adequately plead claims subject to the heightened pleading requirements of Rule 9(b). *See Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993); *Wysaski v. Universal Homes, LLC*, No. 06-12283, 2007 WL 951435, at *2 (E.D. Mich. Mar. 27, 2007); *Robinson v. Midlane Club, Inc.*, No. 94 C 1459, 1994 WL 577219, at *6 (N.D. Ill. Oct. 18, 1994).

## Discussion

In their Motion, the Defendant Attorneys contend that it is impossible to determine which Plaintiffs are suing them and exactly what the operative facts of these claims are. (Defs.' Mot. for a More Definite Statement ¶ 6.)  Furthermore, the Defendant Attorneys assert that the Plaintiffs' Third Amended Complaint fails to allege any dates or particulars as to when any alleged fraudulent activities occurred or what false or misleading statement they purportedly made, which is necessary to advance a claim for securities fraud or common law fraud, and fails to allege what predicate acts the Defendant Attorneys may have committed, which is required to establish a RICO claim. (*Id*. ¶ 7.)  In response, the Plaintiffs argue that their Third Amended Complaint adequately articulates their claims and, furthermore, that they only alleged claims based on fraud against the Defendant Attorneys as an alternative theory.

As the Defendant Attorneys emphasize, under Rule 9(b) a claim based on fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b).  "To meet the particularity requirements of Rule 9(b), a complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was

communicated to the plaintiff." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). "The allegations must be specific enough to provide the defendants with a general outline of how the alleged fraud scheme operated and of their purported role in the scheme." *Fed. Deposit Ins. Corp. v. Wabick*, No. 01 C 8674, 2004 WL 2032315, at *5 (N.D. Ill. Sep. 9, 2004).  That a defendant is included in fraud counts only under an alternative theory is of no consequence, as Rule 9(b) requires a plaintiff to state with particularity *any* circumstances constituting fraud. *Servpro Indus., Inc. v. Schmidt*, 905 F. Supp. 475, 481 (N.D. Ill. 1995).

Contrary to their assertions, the Plaintiffs have indeed failed to plead their claims based on fraud with sufficient particularity to satisfy Rule 9(b), resulting in a pleading that is vague and ambiguous.  For example, the Plaintiffs for the most part simply lump all of the Defendants together throughout the Third Amended Complaint, referring to them as "Co-Conspirators," never specifying what misrepresentation each Defendant purportedly made. (*See, e.g.*, Third Am. Compl. ¶¶ 28, 52, 54.)  "A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient." *Sears*, 912 F.2d at 893; *see also Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) (concluding that plaintiff's complaint provided insufficient detail concerning who was involved in each purported fraudulent activity); *Vicom, Inc. v. Harbridge Merch. Servs., Inc*., 20 F.3d 771, 778 (7th Cir. 1994) (collecting cases). As a second example, the Plaintiffs fail to specify the dates that any alleged misrepresentations occurred.[1] *See Sears*, 912 F.2d at 893.

---

[1] Furthermore, the Plaintiffs predicate many of their allegations of fraud on "information and belief." (*See, e.g.*, Third Am. Compl. ¶¶ 21, 23, 41.)  However, "allegations of fraud pled on 'information and belief' are generally not permissible." *Wabick*, 2004 WL 2032315, at *5 (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).

Moreover, with respect to any securities claims, the Plaintiffs' Third Amended Complaint seemingly fails to set forth facts evidencing the requisite scienter on behalf of the Defendant Attorneys. *See Tellabs, Inc. v. Makor*

Moreover, it is impossible to determine from the Third Amended Complaint which Defendants are being sued under which claim.  As a result, the Defendant Attorneys cannot clearly identify the nature of the Plaintiffs' claims against them so that they can prepare a responsive pleading. *Cf. Trans States Airlines*, 1992 WL 211023, at *2.  This imposes an unfair burden not only on the Defendants, but also on the Court. *See generally McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).  When the Court is forced to manage litigation without knowing what claims are advanced against whom, discovery disputes and lengthy trials often result. *See generally id*.; *Alston v. Parker*, 363 F.3d 229, 235 (3rd Cir. 2004) (concluding that plaintiff's complaint "may have lacked enough detail to have served its function as a guide to discovery").

Consequently, the Defendant Attorneys' Motion for a More Definite Statement will be granted.

## Conclusion

For the reasons stated herein, the Defendant Attorneys' Motion for a More Definite Statement (Docket # 85) is GRANTED.  The Plaintiffs shall have until July 23, 2007, to file a Fourth Amended Complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure and Seventh Circuit case law.  SO ORDERED.

Enter for July 2, 2007.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

*Issues & Rights, Ltd.*, No. 06-484, 2007 WL 1773208, at *9 (U.S. June 21, 2007).

5