UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS ROSENBAUM, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-352-TS |
| | ) | |
| CHAD SEYBOLD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On October 26, 2006, the Plaintiffs filed a federal lawsuit against numerous Defendants for violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Racketeer Influenced and Corrupt Organizations Act (RICO), and numerous state statutory laws, and for the commission of various torts. The Complaint also sought quiet title to certain real estate. Before this Court is a motion to dismiss the Fourth Amended Complaint filed by Defendant Salin Bank & Trust Company [DE 212].

**COMPLAINT ALLEGATIONS**

The Plaintiffs in this cause are individuals and entities who were promised a quick and profitable return on their investments in residential real estate. The Fourth Amended Complaint alleges that one or more of the Defendants organized holding companies for the purpose of acquiring, rehabbing, and renting residential properties to the general public. The Plaintiffs label this the "Investment Scheme." The Complaint outlines various misrepresentations made by Defendant Chad Seybold (Seybold) during the process of raising funds for the Investment

Scheme. It also sets forth other wrongdoings by Seybold, such as his purported misuse of monies for his own personal benefit.

The Fourth Amended Complaint lists Salin Bank and Trust Company (Salin) as a potential creditor with regard to the properties that are the subject of this suit. (Fourth Am. Compl. ¶ 76, Count XVII.) The Plaintiffs contend that Salin holds a mortgage on an investment property and was aware of the Investment Scheme, and that the funds being used by Seybold to obtain financing for the properties were derived from the investments. (Fourth Am. Compl. ¶ 219.) The Plaintiffs allege that, despite this knowledge, the lender failed to obtain proper authorization and to perform due diligence when financing transactions with Seybold and obtaining mortgages on property. (Fourth Am. Compl. ¶ 220.) The Plaintiffs request that the Court quiet title to the properties in favor of the Plaintiff investment company and that any mortgages or other claims and interests be declared invalid because they were improperly deeded. (*Id.* ¶¶ 222–23.) Salin is currently involved in litigation in Grant County, Indiana, involving one of the investment properties at issue.

## MOTION TO DISMISS

The quiet title action, Count XVII of the Fourth Amended Complaint, is the only count in which Salin is named. Salin moves to the dismiss the Plaintiffs' claims against it pursuant to Rule 12(b)(6). Salin argues that because the Plaintiffs allege that the bank had actual or constructive knowledge of the fraudulent "pyramid" scheme, that the allegations are subject to the heightened pleading requirements of Rule 9(b). The Plaintiffs respond that Salin is named to answer as to any interest that it may claim in the investment properties, and that its claim against Salin is not based on fraud. The Plaintiffs argue that "[t]he fact that Plaintiffs claim that Salin

and other creditor defendants knew of [Chad Seybold's investment plan] does not mean that Salin and the other creditor defendants are alleged to have committed fraud." (DE 251 at 3.)

Yet the Plaintiffs must have some basis for believing that they are entitled to quiet title Salin's mortgage lien. A plain reading of the Complaint produces the following theory of recovery: the property upon which Salin holds a mortgage was improperly deeded because Salin did not perform due diligence in the course of financial transactions with Chad Seybold. The Plaintiffs, although they claim that they are not asserting fraud against Salin, at the very least assert negligence. One of Salin's arguments in favor of dismissal is that the Plaintiffs have failed to plead any facts to establish that Salin owed a duty to the Plaintiffs, which is an essential element of a negligence claim. (DE 263 at 7) (citing *Town & Country Homecenter of Crawfordsville, Ind., Inc. v. Woods*, 725 N.E.2d 1006, 1010–11 (Ind. Ct. App. 2000) (holding that mortgagee did not owe duty to protect interests of third party) and *Prudential Ins. Co. of Am. v. Executive Estates, Inc.*, 369 N.E.2d 1117, 1123 (Ind. Ct. App. 1977) (discussing the duty of a mortgagee to a mortgagor)). Whether Salin had a duty of care to the Plaintiffs, as third party investors, is purely a legal question that may potentially be resolved on a motion to dismiss. The Plaintiffs have not addressed this issue.

The Court has other concerns about the quiet title action, specifically the Plaintiffs' standing to challenge the validity of the deeds. In Indiana, "[a]n action to quiet or remove a cloud on title may be maintained only by a person with legal or equitable title to the property in controversy superior to the defendant's title, with present right of possession, at the time the action is commenced. William, Elizabeth, 24 *Ind. Law Encycl.*, Quieting Title § 3 (Feb. 2008) (footnotes omitted); *see also Consolidation Coal Co. v. Mutchman*, 565 N.E.2d 1074, 1078 (Ind.

3

Ct. App. 1990) (stating that a plaintiff in a quiet title action "may recover only upon the strength of his own title"). The Plaintiffs have not alleged that their investment company holds title to the property—only that it was supposed to have such title. Nor can it reasonably be inferred from any of the complaint allegations that it holds title. However, because the Plaintiffs have not had an opportunity to address this particular issue of standing, the Court will withhold ruling to allow the Plaintiff to supplement its briefing.

## CONCLUSION AND ORDER

The Court withholds ruling on Defendant Salin's motion to dismiss [DE 212] and orders additional briefing on the issues raised in this Opinion. The Plaintiffs have until March 5, 2008, to submit supplemental briefing in response to Salin's motion to dismiss. Salin's reply, if any, is due on March 14, 2008. Additionally, the Court DENIES the Plaintiffs' request for a hearing [DE 223] on Salin's and other Defendants' motions to dismiss.

SO ORDERED on February 22, 2008.

> s/ Theresa L. Springmann
> THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT