**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| THOMAS ROSENBAUM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-352-TLS |
| | ) | |
| CHAD SEYBOLD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the "Plaintiffs' Response in Opposition, Motion to Correct Error, and Reconsider Regarding the Order of October 15, 2012 (ECF 480) and, Accordingly, the Finality of that Certain Final Judgment Issued August 30, 2011 (ECF 465 and 466)" [ECF No. 481], filed on October 22, 2012. During its consideration of the Plaintiffs' Response and Motion and the Court's efforts to manage this six-year-old case to a final disposition, the Court discovered that claims against several of the parties remain pending. This finding necessitates that the Court VACATE the portion of its October 15, 2012, Order [ECF No. 480] that directed the Clerk to close this case. Additionally, the Court takes further action as set forth in this Opinion and Order to manage this case so as to effectuate an orderly and expeditious disposition of the remaining claims.

**BACKGROUND**

The Plaintiffs in this lawsuit are investors who contributed, in total, more than $1 million in capital for the purpose of buying, rehabilitating, remortgaging, renting, and eventually selling homes in Marion, Indiana. After the Plaintiffs learned that their investment money had

disappeared without the promised return, having potentially been mismanaged and misappropriated, they sued the business ventures, entities, and individuals they believed were legally responsible for their losses. The Plaintiffs initiated their lawsuit on October 26, 2006, but subsequently amended their pleadings on several occasions.

**A.     Gary L. Nunley d/b/a Gary L. Nunley Appraisal Services**

Included in the Plaintiffs' original Complaint, and all subsequent versions of this pleading, was the allegation that Gary L. Nunley d/b/a Gary L. Nunley Appraisal Services (Nunley) conspired with Defendant Chad Seybold to deliver inflated appraisals on certain properties. According to the docket, the Plaintiffs served Nunley with the original Complaint, as demonstrated by the summons returned on November 9, 2006 [ECF No. 19]. Nunley did not file an appearance or otherwise respond to the allegations against him. On July 31, 2007, the Plaintiffs filed an Application for Entry of Default Judgment [ECF No. 166] with respect to their allegations against Nunley. By this time, however, the Plaintiffs had filed a Third Amended Complaint, which the Magistrate Judge had directed the Plaintiffs to serve on the Defendants. (Order, ECF No. 64.)[1] The Plaintiffs did not serve Nunley with subsequent versions of the Complaint, including the Third Amended Complaint. In their request for default, the Plaintiffs asserted that they had sustained damages in an amount that would be determined at a later date upon the filing of a petition for damages with the Court along with supporting affidavits and

---

[1] It is unclear whether the directive applied to only those Defendants against whom service was not already effectuated, or whether it applied to all Defendants regardless of whether they were served with previous versions of the Complaint.

other documentation as may be applicable. The Plaintiffs requested that a judgment of liability be entered by default against Nunley.

Before the Court could rule on the request for default judgment, the Plaintiffs filed their Fourth Amended Complaint [ECF No. 168] on August 1, 2007. On August 24, 2007, the Court issued an Order [ECF No. 192] rendering moot the Plaintiffs' Motion for Default Judgment as to Nunley pursuant to the filing of the Fourth Amended Complaint. *Cf. Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supercedes an original complaint and renders the original complaint void."); *Hypergraphics Press, Inc. v. Cengage Learning, Inc.*, No. 08 C 5102, 2009 WL 972823, at *1 n.2 (N.D. Ill. Apr. 8, 2009) ("The first amended complaint supercedes the original complaint and, ordinarily, moots a motion to dismiss."); *Boriboune v. Berge,* No. 04–C–15–C, 2005 WL 256525, at *1 (W.D. Wis. Jan. 31, 2005) ("[T]here can be only one operative complaint in the case."). Moreover, although the Plaintiffs requested default judgment, the Clerk had not yet entered Nunley's default—a prerequisite to entering judgment against him. Federal Rule of Civil Procedure 55, which governs the entry of default and default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) (stating that there is a clear distinction "between the entry of default and the entry of a default judgment"). The first step is satisfied when a court clerk enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise" Fed. R. Civ. P. 55(a). The second step—the entry of default

judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b). The Plaintiffs did not renew their request for default against Nunley, or otherwise take action to dispose of their claims against him.

On July 23, 2008, the Magistrate Judge conducted a conference and directed that the Plaintiffs file a status report by August 5, 2008, advising about the current status of each Defendant. The Plaintiffs' Report on Status of Party Defendants [ECF No. 310] listed Nunley as a Defendant whose status was "active" and "in progress."


## B.      Entities in Default

On August 24, 2007, at the time the Court rendered moot the Plaintiffs' request for default judgment against Nunley, the Court also rendered moot the Plaintiffs' requests for default judgment against several other entities, including: BPOE, LLC; Best Place on Earth; Seycad, LLC; Seycad Construction, LLC; Seytron Construction, LLC; Seytron, L.L.C.; Impact Financial, LLC; Impact Financial Group, LLC; and Seybold Montessori Academy, Inc. (Order, ECF No. 192.)

On April 8, 2008, the Plaintiffs filed a renewed Application for Clerk's Entry of Default Judgment Against Seybold-Related Entities Not in Bankruptcy [ECF No. 293]. In accordance with the Plaintiffs' Motion, on June 16, 2008, the Court directed the entry of default against the following Defendants: BPOE, LLC; Best Place on Earth; Seycad, LLC; Seycad Construction, LLC; Seytron Construction, LLC; Impact Financial, LLC; and Impact Financial Group, LLC.

(Order, ECF No. 302.)[2] However, because the Plaintiffs submitted in their application that they had "sustained damages in an amount to be determined at a later date upon the filing of a Petition for damages with the court along with supporting affidavits and other documentation as may be applicable" (Application for Clerk's Entry of Default ¶ 9, ECF No. 293), and because the application was ambiguous as to the relief requested and from whom, the Court did not construe it as a request for default judgment and no such judgment was entered.[3]

The Plaintiffs' Report on Status of Party Defendants [ECF No. 310], filed in response to the Magistrate Judge's request for a status as to all Defendants, advised that the parties identified above had default entered against them. The Plaintiffs did not seek judgment against these Defendants or present any motion or evidence concerning damages.

C.      **Entities in Bankruptcy**

During the course of the litigation, Seytron, LLC, and Seybold Montessori Academy, Inc., filed for bankruptcy.[4] In their Motions for Stay and Notice of Chapter 7 Bankruptcy [ECF

---

[2] In their Motion, the Plaintiffs also sought default against Seytron, L.L.C. However, the Court denied the Plaintiffs' request for the entry of default against Seytron, L.L.C., because service of process was never obtained as to this Defendant.

[3] Previously, these same parties, among others, were involved in filing a Joint Motion for Entry of Findings and Judgment [ECF No. 55], which resulted in an Order [ECF No. 60] granting a permanent injunction to the Plaintiffs with respect to the destruction or removal of records, denial of access to records, and quieting title in identified property to the Plaintiffs. The Court granted the parties' request that the Order be entered by the Clerk as a judgment in favor of the Plaintiffs. The Clerk entered a Judgment in a Civil Case [ECF No. 61], but the judgment did not have the effect of a final order or terminate the Plaintiffs' other claims against those Defendants. In fact, these same parties were named as Defendants when the Plaintiffs subsequently filed their Third and Fourth Amended Complaints.

[4] Seytron, LLC, is a separate entity from Seytron, L.L.C. The Fourth Amended Complaint alleges that Seytron, LLC, is an Indiana limited liability company, and that Seytron, L.L.C., is a Michigan limited liability company. Only Seytron, LLC, entered bankruptcy. Seytron, L.L.C., was one of the companies against which the Plaintiff never obtained an entry of default.

Nos. 114 & 238], Seytron, LLC, and Seybold Montessori Academy, Inc., requested that, upon completion of the Chapter 7 cases, the action against them be dismissed. The Plaintiffs' Report on Status of Party Defendants [ECF No. 310] identified the status of both Seytron, LLC, and Seybold Montessori Academy, Inc., as complete due to the automatic stay. Neither Seytron, LLC, nor Seybold Montessori Academy, Inc., apprised the Court of the status of their bankruptcy matters after receiving the stays.

**D.      See What, LLC**

The Plaintiffs added See What, LLC, as a Defendant in their Second Amended Complaint and continued to list See What, LLC, in subsequent versions of the Complaint. According to the Fourth Amended Complaint, See What, LLC, is a Michigan limited liability company. (Fourth Am. Compl. ¶ 25, ECF No. 168.) After identifying See What, LLC, in paragraph 25 of the Fourth Amended Complaint, the Plaintiffs made no further allegations against it. The Plaintiffs may have intended to include See What, LLC, in the definition of Co-Conspirators (*see* Pl.s' Statement Regarding Subject Matter Jurisdiction ¶ 3, ECF No. 317), but the Fourth Amended Complaint is not written that way.

Although a summons was issued on February 1, 2007, in conjunction with the Second Amended Complaint, a Verification of Service [ECF No. 287] filed on March 25, 2008, is the only docket entry addressing service on See What, LLC. In the Verification, Attorney Jeffrey A. Schreiber, who did not represent See What, LLC, and was not the process server, affirms that he accepted service of the Fourth Amended Complaint on August 3, 2008 (presumably, a typographical error that should have been August 3, 2007), on behalf of See What, LLC, and

other entities. Attorney Schreiber never entered an appearance on behalf of See What, LLC, and it did not answer or otherwise respond to the pleadings.

The Plaintiffs stated in their Report on Status of Party Defendants [ECF No. 310] that default had been entered against See What, LLC, by the Clerk's Entry of Default identified as docket entry 303. This is incorrect. The Clerk entered default [ECF No. 303] against Defendants BPOE LLC, Best Place on Earth, Seycad LLC, Seycad Construction LLC, Seytron Construction LLC, Impact Financial LLC, and Impact Financial Group LLC only. See What, LLC, is not mentioned.

## E.      Seytron Properties, LLC

The Fourth Amended Complaint identifies Seytron Properties, LLC, as one of the unorganized entities under which Chad Seybold does business. These unorganized entities are collectively referred to as the Seybold Entities, and are, collectively with other named Defendants, identified as Co-Conspirators. (Fourth Am. Compl., ¶¶ 24, 27, 28.) Although Seytron Properties, LLC, was served with the original Complaint (*see* ECF No. 11), there is no evidence on the docket that it was served with subsequent versions of the Complaint. Again, it is unclear whether the Plaintiffs were directed to effectuate service of the Third Amended Complaint on this particular Defendant.

The Plaintiffs stated in their Report on Status of Party Defendants [ECF No. 310] that default had been entered against Seytron Properties, LLC, by the Clerk's Entry of Default identified as docket entry 303. This is incorrect. As noted above, the Clerk entered default [ECF No. 303] against Defendants BPOE LLC, Best Place on Earth, Seycad LLC, Seycad

Construction LLC, Seytron Construction LLC, Impact Financial LLC, and Impact Financial Group LLC only.

**F.      Seytron, L.L.C.**

When the Plaintiffs renewed their application for default against Seybold-Related Entities Not in Bankruptcy [ECF No. 293], they sought an entry of default against Seytron, L.L.C. However, there was no indication in the record that the Plaintiffs had ever served Seytron, L.L.C., who was first named as a Defendant in the Third Amended Complaint. The Court thus did not grant the Plaintiffs' request for the entry of default against this Defendant [ECF No. 302], and the Clerk's Entry of Default [ECF No. 303] did not include Seytron, L.L.C. The Plaintiffs have made no mention of Seytron, L.L.C, in any of their filings since requesting the entry of default, including in their Report on Status of Party Defendants [ECF No. 310].

**G.      Summary Judgment Involving the Law Firm Defendants**

While some Defendants defaulted, others were voluntarily dismissed by stipulation or dismissed for the Plaintiffs' failure to complete process. On June 26, 2010, three remaining Defendants, Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLP (the Law Firm Defendants), filed their Motion for Summary Judgment [ECF No. 410]. The Plaintiffs opposed summary judgment for these Defendants and filed their own motion for summary judgment. During the course of briefing the summary judgment motions and responding to inquiries about the Court's jurisdiction, the Plaintiffs represented that the Law Firm Defendants were the only remaining Defendants in the case. On August 30, 2011, the Court

issued an Opinion and Order [ECF No. 465] ruling in favor of the Law Firm Defendants and directing the Clerk to enter judgment in favor of Defendants Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLP and against the Plaintiffs. The Clerk entered judgment on August 31.

The Plaintiffs appealed the Court's entry of summary judgment in favor of the Law Firm Defendants. Based on representations the parties made on appeal, the Court of Appeals also understood the Law Firm Defendants to be the only remaining defendants in the case, *Rosenbaum v. White*, 692 F.3d 593, 595–96 (7th Cir. 2012) ("The defendant-attorneys—now the only remaining [defendants] in the case—filed a motion for summary judgment on all of the claims levied against them; the plaintiff-investors opposed that motion and filed a counter-motion for summary judgment."). The Court of Appeals affirmed this Court's decision in an Opinion issued on August 16, 2012.

### H. Follow-Up

Two months after the Court of Appeals affirmed the decision granting summary judgment for the Law Firm Defendants, this Court, realizing that the Clerk had not closed the case and could not do so until all parties and claims had been terminated, held a telephonic status conference with Plaintiffs' counsel. The Court noted that three parties had no specific event that prompted the Clerk to terminate their involvement in this litigation: John Does 1–10, Gary L. Nunley, and the City of Marion. The Court did not identify BPOE LLC, Best Place on Earth, Seycad LLC, Seycad Construction LLC, Seytron Construction LLC, Impact Financial LLC,

Impact Financial Group LLC, See What, LLC, Seytron Properties, LLC, or Seytron, L.L.C., as remaining parties. Plaintiffs' counsel did not mention them either.

On October 15, the Court entered an Order dismissing John Does 1–10, Gary L. Nunley, and the City of Marion from this litigation and directing the Clerk to terminate the parties and close the case. On October 22, the Plaintiffs filed a "Response in Opposition, Motion to Correct Error, and Reconsider Regarding the Order of October 15, 2012 (ECF 480) and, Accordingly, the Finality of That Certain Final Judgment Issued August 30, 2011 (ECF 465 and 466)" [ECF No. 481]. The Plaintiffs assert that they have no objection to the dismissal of the John Does or the City of Marion, but that Nunley, "the last remaining party in this litigation, is still a party against whom all claims for liability and damages have not been resolved" and no final judgment or dismissal should be issued. (Resp. & Mot. 2, ECF No. 481.) The Plaintiffs also note that the judgment entered with respect to the Law Firm Defendants on August 30, 2011, although entered as a final judgment, was not actually final because claims still remained pending against Nunley and others. The Plaintiffs request that the Court vacate the Order of October 15, 2012, and vacate and modify the judgment of August 30, 2011, to render it a non-final and non-appealable judgment. They request that "default be entered against Nunley as to liability and damages." (*Id.*)

On November 15, 2012, the Plaintiffs filed a Notice of Appeal, appealing the Court's Orders of August 30, 2011, and October 15, 2012.

**ANALYSIS**

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *See United States v. Roth*, No. 10 Misc. 001, 2010 WL 1541343, at*2 (E.D. Wis. Apr. 19, 2010); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (discussing the differences between Rule 59(e) and Rule 60(b)). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009) (citing *Kunik v. Racine Cnty., Wis.*, 106 F.3d 168, 173 (7th Cir. 1997)). The Plaintiffs filed their Response and Motion on October 22, 2012, only seven days after entry of the Order the Plaintiffs challenge. Therefore, the Court will analyze the Plaintiffs' Response and Motion as a motion to alter or amend under Rule 59(e).

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion under Rule 59(e) affords a court a wide range of discretion to correct its own errors, thereby sparing the parties and appellate courts the burden of unnecessary proceedings. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).

A timely filing of a notice of appeal generally confers jurisdiction on the court of appeals and divests the district court of jurisdiction over aspects of the case involved in appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the filing of a notice of appeal

after a timely filed Rule 59 motion but before a decision on that motion does not divest the district court of jurisdiction. Fed. R. App. P. 4(a)(4)(iv); *Griggs*, 459 U.S. at 59–60. Such a notice of appeal becomes effective when the order disposing of the Rule 59 motion is entered. Fed. R. App. P. 4(a)(4)(B)(i). The Plaintiffs filed their Response and Motion and then filed the Notice of Appeal. Therefore, this Court has jurisdiction and may decide the Motion.

### A.    See What, LLC

There is no evidence that See What, LLC, was timely served with the any version of the Complaint, and, although the Plaintiffs stated in their Report on Status of Party Defendants [ECF No. 310] that default had been entered against See What, LLC, by the Clerk's Entry of Default identified as docket entry 303, this is incorrect. The Plaintiffs have never sought default against See What, LLC.

According to Rule 4(m):

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, the Court now gives the Plaintiffs notice that it will dismiss this action without prejudice against See What, LLC, unless the Plaintiffs show, by Friday, March 15, 2013, good cause for the failure to timely complete process. The Plaintiffs may also move to dismiss or, if good cause is shown, move for an extension of time to seek service.

**B.      Seytron Properties, LLC**

Seytron Properties, LLC, was served with the original Complaint [ECF No. 11]. There is no evidence on the docket that it was served with subsequent versions of the Complaint, despite the Magistrate Judge's directive to effectuate service of the Third Amended Complaint. The certificate of service for the Fourth Amended Complaint indicates that service was accomplished through the Court's electronic filing system. However, none of the parties who received electronic notice were counsel of record for Seytron Properties, LLC.[5] It was not clear that Seytron Properties, LLC, had defaulted in connection with earlier complaints. (*See* Joint Mot. for Entry of Findings and J., ECF No. 55 (including Seytron Properties, LLC, as one of parties filing the joint stipulation).) Accordingly, the Plaintiffs were required to serve them with a copy of the Fourth Amended Complaint. *See* Fed. R. Civ. P. 5(a)(1)(B) (identifying "a pleading filed after the original complaint" as a paper that must be served on every party); Fed. R. Civ. P. 5(a)(2) (providing exception to service requirement for a party who is in default for failing to appear). Moreover, the Plaintiffs stated in their Report on Status of Party Defendants [ECF No. 310] that default had been entered against Seytron Properties, LLC, by the Clerk's Entry of Default identified as docket entry 303. This is incorrect. Seytron Properties, LLC, was not part of the Clerk's Entry of Default [ECF No. 303].

Because of the uncertainty regarding service on Seytron Properties, LLC, the Court will give the Plaintiffs an opportunity to effectuate service of the Fourth Amended Complaint on Seytron Properties, LLC, or submit the required proof of service for the Fourth Amended

---

[5]  Attorney Schreiber received notice through CM/ECF. On the date of the filing of the Fourth Amended Complaint, August 1, 2007, Attorney Schreiber represented only Chad Seybold and Laura Seybold. (Notice of Appearance, ECF No. 43.)

Complaint. If service is not completed, proof of service provided, or good cause shown for any failure to effectuate service by [DATE], the Court will dismiss Seytron Properties, LLC, without prejudice. The Plaintiffs may also move to dismiss.

## C.    Seytron, L.L.C.

There is no indication in the record that the Plaintiffs have ever served Seytron, L.L.C., with the Complaint. No default has ever been entered against Seytron, L.L.C., and the Plaintiffs have made no mention of Seytron, L.L.C, in any of their filings since April 8, 2008 [ECF No. 293]. Absent a showing of good cause by Friday, March 15, 2013, for the failure to effectuate service on Seytron, L.L.C, the Court will dismiss the action without prejudice against Seytron, L.L.C. The Plaintiffs may also move to dismiss.

## D.    Nunley

Nunley was not terminated as a party before the Court issued the October 15, 2012, Order dismissing him. The Plaintiffs now state that they do not wish to voluntarily dismiss Nunley, and, in fact, request that the Court enter default against him. The Court thus vacates the dismissal of Nunley and reinstates him as a Defendant. As an aside, the Court has the authority to alter the October 15 Order in this manner because, in actuality, the case remains pending as to several other Defendants. *See* Fed. R. Civ. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any

time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

Because it is clear that Nunley defaulted on the original Complaint after he was properly served under Federal Rule of Civil Procedure 4, the Court will direct the Clerk to enter his default. *See* Fed. R. Civ. P. 5(a)(2) (providing that a pleading after the original complaint need not be served on a party who is in default for failing to appear).[6] However, the Plaintiff must still pursue judgment against him. A clerk's entry of default is an official recognition that a defendant failed to respond to a properly served complaint. A default means that the factual allegations of the complaint (except those relating to the amount of damages) are to be taken as true and can no longer be contested. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (discussing the effect of default judgment); *see also Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n. 3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated") (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992), a case involving entry of default but not a default judgment). Because the default only goes to the well-pled facts of the complaint, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit to mere conclusions of law. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*

---

[6] Rule 5(a)(1) requires that a "pleading filed after the original complaint" must be served on every party, "[u]nless these rules provide otherwise." Subsection (a)(2) states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." The subsequent versions of the Complaint did not assert any new claims against Nunley.

§ 2688 (3d. ed. 1998); *see also Black*, 22 F.3d at 1399 ("The entry of a default order does not . . . preclude a party from challenging the sufficiency of the complaint." (citation omitted)).

Additionally, in any motion for default judgment the Plaintiffs file, they must prove the well-pled allegations of the Complaint relating to the amount of damages. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). The claims against Nunley are not susceptible to a calculation of damages from definite figures contained in documentary evidence or in detailed affidavits.

The Court will grant the Plaintiffs to and including Friday, March 15, 2013, to file submissions under Rule 55 toward resolving their claims against Nunley, including a request for a damages hearing. Given that more than five years passed without the Plaintiffs taking any action in relation to Nunley, a failure to file such submissions by this date may result in dismissal of the action against Nunley for failure to prosecute.

## E. Other Defaulted Parties

Although a Clerk's Entry of Default under Rule 55(a) has been entered against Defendants BPOE, LLC, Best Place on Earth, Seycad, LLC, Seycad Construction, LLC, Seytron Construction, LLC, Impact Financial, LLC, and Impact Financial Group, LLC, no default judgment has been entered against these entities. No action has been taken with respect to these parties since June 16, 2008, when the Clerk entered the default [ECF No. 303]. The Court will grant the Plaintiffs to and including [DATE] to file submissions under Rule 55 toward resolving their claims against BPOE, LLC, Best Place on Earth, Seycad, LLC, Seycad Construction, LLC, Seytron Construction, LLC, Impact Financial, LLC, and Impact Financial Group, LLC. Failure to file by this date may result in dismissal of the action against these Defendants for failure to prosecute.

## F. August 30, 2011, Summary Judgment Order and Clerk's Entry of Final Judgment

Because the Law Firm Defendants were not the only remaining Defendants in this litigation when the Court decided the motions for summary judgment pertaining to those Defendants, the Court's decision resolved fewer than all claims against all parties and should not have been characterized as a final judgment. Under 28 U.S.C. § 1291, the court of appeals has jurisdiction over "all final decisions of the district courts of the United States." Orders resolving fewer than all the claims in a case are not "final" for purposes of appeal. *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011) (citing *Helcher v. Dearborn Cnty.*, 595 F.3d 710, 717 (7th Cir. 2010)). Rule 54(b) provides an exception:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are

involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am.*, 644 F.3d at 379 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–37 (1956)). "To be final and appealable under Rule 54(b), a judgment must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted). Rule 54(b) appeals are "generally limited to situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Id.* (internal quotation marks omitted). "'If there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal.'" *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008) (brackets omitted) (quoting *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984)). "[D]ifferent theories of relief or different legal characterizations of the same facts are not separate claims for Rule 54(b) purposes." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 939 (7th Cir. 2005). Two distinct claims are considered one for purposes of Rule 54(b) if they "have a

significant factual overlap" such that a decision on the merits of one would be res judicata as to the other. *Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1037 (7th Cir. 1988) (quoting *Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986)).

With the Rule 54(b) standards in mind, the Court finds that its August 3, 2011, Opinion and Order, which resolved the Plaintiffs' claims against the Law Firm Defendants, was truly a final judgment and that there was no just reason to delay the entry of final judgment and subsequent appeal of the claim. The judgment ultimately and fully disposed of all the Plaintiffs' claims against the Law Firm Defendants. The issues decided by the district court, and then by the Court of Appeals, were not similar to any other issues that remained pending in the district court. Rather, the allegations the Plaintiffs lodged against the Law Firm Defendants were unique to those Defendants. Three of the claims against the Law Firm Defendants required that the Plaintiffs establish that the Law Firm Defendants owned them a legal duty. *Rosenbaum*, 692 F.3d at 600 (noting that three of the Plaintiffs' claims—legal malpractice, constructive fraud, and securities fraud—hinged on whether the Defendants owed the Plaintiffs a legal duty). As for the civil conspiracy claim, it was unsuccessful for the reason that the Plaintiffs "failed to demonstrate that the defendants acted in concert with Seybold to commit any unlawful act, or that they accomplished a lawful purpose through unlawful means" when they performed the legal work of forming LLCs for Seybold's investment plan. *Id.* at 606. This holding with respect to the Law Firm Defendants' limited role in the creation of legal documents does not involve "significant factual overlap" with the allegations that Nunley then conspired with Seybold to inflate appraisals, or with the determination of any damages against Defendants BPOE, LLC, Best Place on Earth, Seycad, LLC, Seycad Construction, LLC, Seytron Construction, LLC,

Seytron, L.L.C., Impact Financial, LLC, Impact Financial Group, LLC, See What, LLC, or Seytron Properties, LLC, for their role in the alleged fraud and larceny. The Law Firm Defendants had already accomplished all of their work when the actions giving rise to these claims are alleged to have occurred, and the Plaintiffs' claims against the Law Firm Defendants were not merely different theories of relief or different legal characterizations of the same facts. Rather, their claims hinged on entirely different facts. The findings with respect to the Law Firm Defendants have no res judicata effect for the claims against the remaining Defendants, nor do those findings prevent separate recovery on the remaining claims.

Additionally, the Court finds that the designation of the August 11, 2011, judgment as final pursuant to Rule 54(b) should be *nunc pro tunc* to the date of entry. The August 11, 2011, Opinion and Order did not contain Rule 54(b) language—not because such language would have been inappropriate—but because the parties and the Court mistakenly believed that no other claims remained pending in the litigation. The parties and the courts have already treated the August 11 judgment as final, including through the next level of review. While the decision was on appeal before the Seventh Circuit, the Plaintiffs filed a Jurisdictional Memorandum [Case 11-3224, ECF No. 7-1]. In this filing, the Plaintiffs represented that the district court's August 30, 2011, Opinion and Order granted summary judgment "as to all remaining claims and parties" in favor of the Law Firm Defendants. The Plaintiffs stated that, "all claims against all parties before the District Court as identified in the Fourth Amended Complaint (Document 168) have been completely disposed," and asserted that the final judgment was an appealable judgment within the meaning of 28 U.S.C. § 1291. The Plaintiffs' opening brief also addressed jurisdiction: "There are no claims and/or parties that remain for disposition before the District Court in this

Action. There are no parties to the litigation appearing in an official capacity. There are no related appeals. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291." (Am. Br. and Required Short App. of Pls.-Appellants 7, Case 11-3224, ECF No. 24.) In their brief, the appellees accepted the appellants' jurisdictional statement as correct. (Br. of Appellees-Defs., Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLP at 8, ECF No. 27.) There would be no prejudice to either party by designating the order final *nunc pro tunc* to August 11, 2011, as all parties already believed it was final, exercised their rights accordingly, and made representations regarding finality to the Court of Appeals. In addition, the Court is not aware of any legal barrier to designating the order final *nunc pro tunc*. *Cf. Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (noting that the district court "could have entered its Rule 54(b) judgment nunc pro tunc"); *Local P–171, Amalgamated Meat Cutters and Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1073 (7th Cir. 1981) (holding that a district court has the power to add a Rule 54(b) certification to an order *nunc pro tunc* after the filing of a premature notice of appeal).

### G.     Parties in Bankruptcy

According to statute, the stay of an action:

continues until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied[.]

11 U.S.C. § 362(c)(2). None of the parties in this litigation have informed the Court whether they have been granted or denied a discharge. However, the Court takes judicial notice of the dockets

of the bankruptcy court, which indicate that the bankruptcy cases involving Seytron, LLC, *see* Bankruptcy Pet. # 07-11408-reg (termed 9-11-07), and Seybold Montessori Academy, Inc., *see* Bankruptcy Pet. # 07-12991-reg (termed 2-6-08), have been closed.

**H.      Summary**

The Court's Order of August 11, 2011, adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties and did not end the action as to any of the claims or parties. The Court finds that there was no just reason for delaying the entry of final judgment with respect to the August 11, 2011, Opinion and Order adjudicating the Plaintiffs' claims against the Law Firm Defendants, and makes this finding *nunc pro tunc* to August 11, 2011.

The Court will vacate the portion of its October 15, 2012, Order dismissing Nunley as a Defendant and directing the Clerk to close the case. The Plaintiffs' claims against Nunley, See What, LLC, Seytron Properties, LLC, BPOE, LLC, Best Place on Earth, Seycad, LLC, Seycad Construction, LLC, Seytron Construction, LLC, Impact Financial, LLC, and Impact Financial Group, LLC, remain pending. An entry of default has previously been entered against Defendants BPOE, LLC, Best Place on Earth, Seycad, LLC, Seycad Construction, LLC, Seytron Construction, LLC, Impact Financial, LLC, and Impact Financial Group, LLC. The Court will direct the Clerk to enter Nunley's default on the original Complaint. The Plaintiffs must proceed to establish damages to obtain a judgment against these Defendants. The Plaintiffs have not served See What, LLC, or Seytron, L.L.C., and must therefore establish good cause for the failure or risk dismissal for insufficient service. The Court will give the Plaintiffs an opportunity to effectuate service on Seytron Properties, LLC, or submit the required proof of service for the

Fourth Amended Complaint. With respect to any of the parties, the Plaintiffs may instead choose to voluntarily dismiss the action where such action is consistent with the Federal Rules of Civil Procedure.

## CONCLUSION AND ORDER

For the reasons stated above, the Plaintiffs' Response in Opposition, Motion to Correct Error, and Reconsider [ECF No. 481] is GRANTED IN PART and DENIED IN PART. Finding no just reason for delay, the Court directs the entry of final judgment in favor of Defendants Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLPs, and against the Plaintiffs *nunc pro tunc* to August 11, 2011. The Court VACATES the portion of its October 15, 2012, Order [ECF No. 480] dismissing Gary L. Nunley and directing the Clerk to close the case. Gary L. Nunley is reinstated as a Defendant and the Clerk will enter his default. The Court clarifies that claims also remain pending in this litigation against Defendants BPOE, LLC, Best Place on Earth, Seycad, LLC, Seycad Construction, LLC, Seytron Construction, LLC, Seytron, L.L.C., Impact Financial, LLC, Impact Financial Group, LLC, See What, LLC, and Seytron Properties, LLC. The Plaintiffs have until Friday, March 15, 2013, to file submissions to the Court directed at resolving their claims against the remaining Defendants, either to prove or effectuate service of process or to establish damages in support of default judgment, all as outlined above. The Plaintiffs are advised that failure to file by this date may result in dismissal of the remaining claims.

SO ORDERED on February 20, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

23