UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS ROSENBAUM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:06-CV-352-TLS |
| ) | |
| CHAD SEYBOLD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the "Plaintiffs' Motion to Correct Error, and Reconsider Regarding the Order of February 20, 2013 (ECF 489) and, Accordingly, the Finality of that Certain Final Judgment Issued August 30, 2011 (ECF 465 and 466)" [ECF No. 493], filed on March 4, 2013.

**BACKGROUND**

On August 30, 2011, the Court entered an Opinion and Order granting summary judgment in favor of Defendants Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLP (the Law Firm Defendants), and the Court directed the Clerk to enter a final judgment. Later, after the Plaintiffs had appealed this final judgment and received an adverse ruling from the Court of Appeals, the Court realized that claims against other parties, which had not been actively pursued to a final resolution or judgment, prevented the Clerk from closing the case. In response to the Court's inquiry about the status of these parties, the Plaintiffs made known their intent to continue to pursue some of these claims, and the case remained open. On February 20, 2013, after completing a review of the nearly 500-entry docket, the Court issued

an Opinion and Order identifying the claims it believed were still pending. The Court also determined that there was no just reason for delay as it related to the judgment against the Law Firm Defendants, and it entered final judgment in favor of the Law Firm Defendants pursuant to Federal Rule of Civil Procedure 54(b). The Plaintiffs take issue with the Court's decision to make the Rule 54(b) "certification" *nunc pro tunc* to the date when the Court originally granted summary judgment and the Clerk entered final judgment.[1]

In its February 20 decision, the Court reached the *nunc pro tunc* determination upon the following analysis:

> [T]he Court finds that the designation of the August [3]1, 2011, judgment as final pursuant to Rule 54(b) should be *nunc pro tunc* to the date of entry. The August [30], 2011, Opinion and Order did not contain Rule 54(b) language—not because such language would have been inappropriate—but because the parties and the Court mistakenly believed that no other claims remained pending in the litigation. The parties and the courts have already treated the August [30] judgment as final, including through the next level of review. While the decision was on appeal before the Seventh Circuit, the Plaintiffs filed a Jurisdictional Memorandum [Case 11-3224, ECF No. 7-1]. In this filing, the Plaintiffs represented that the district court's August 30, 2011, Opinion and Order granted summary judgment "as to all remaining claims and parties" in favor of the Law Firm Defendants. The Plaintiffs stated that, "all claims against all parties before the District Court as identified in the Fourth Amended Complaint (Document 168) have been completely disposed," and asserted that the final judgment was an appealable judgment within the meaning of 28 U.S.C. § 1291. The Plaintiffs' opening brief also addressed jurisdiction: "There are no claims and/or parties that remain for disposition before the District Court in this Action. There are no parties to the litigation appearing in an official capacity. There are no related appeals. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291." (Am. Br. and Required Short App. of Pls.-Appellants 7, Case 11-3224, ECF No. 24.) In their brief, the appellees accepted the appellants' jurisdictional statement as correct. (Br. of Appellees-Defs., Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLP at 8, ECF No. 27.) There

---

[1] The Court wrote that the Rule 54(b) designation was *nunc pro tunc* to the date of the August 11, 2011, clerk's judgment. The reference to August 11 was a typographical error that should have been August 31, the date of the Clerk's Entry of Judgment. *See* ECF No. 466.

> would be no prejudice to either party by designating the order final *nunc pro tunc* to August [3]1, 2011, as all parties already believed it was final, exercised their rights accordingly, and made representations regarding finality to the Court of Appeals. In addition, the Court is not aware of any legal barrier to designating the order final *nunc pro tunc*. *Cf. Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (noting that the district court "could have entered its Rule 54(b) judgment nunc pro tunc"); *Local P–171, Amalgamated Meat Cutters and Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1073 (7th Cir. 1981) (holding that a district court has the power to add a Rule 54(b) certification to an order *nunc pro tunc* after the filing of a premature notice of appeal).

(Feb. 20, 2013, Opinion and Order 20–21, ECF No. 489.) In challenging the Court's *nunc pro tunc* determination, the Plaintiffs argue that the *nunc pro tunc* entry would have only been permissible had the record "explicitly shown that this Court would have entered a rule 54(b) final judgment had this Court realized that there were still unresolved parties and/or claims left." (Pls.' Mot. ¶ 4, ECF No. 493.) The Plaintiffs note the absence of any entries that pre-date the February 20 Order that indicate the Court would have entered the prior judgment as final pursuant to Rule 54(b). The Plaintiffs' concern is that the Court's order alters their substantive rights because it retroactively vests jurisdiction in the Court of Appeals where none previously existed. They argue that "while it is sometimes proper to correct an[ ] obviously unintentional error, such power cannot take the place of the constitution by granting jurisdiction to the Court of Appeals for an act the Court of Appeals has already taken without jurisdiction." (Pls.' Mot. ¶ 5.)

Having already received a ruling from this Court and from the Court of Appeals that the Law Firm Defendants are entitled to judgment as a matter of law, what the Plaintiffs hope to gain by undoing the *nunc pro tunc* designation is to file a new appeal of the Court's summary judgment ruling. The Plaintiffs readily admit that they believe the opportunity to appeal the prior

judgment will allow them "to better prepare for making better arguments and better approaches to arguing at oral arguments, and to make those arguments presumably before a new panel. In short, it affords Plaintiffs a chance (regardless of degree) of potentially succeeding where Plaintiffs had previously failed." (Pls.' Verified Reply 11-12 n.4, ECF No. 496.) The Defendants argue that the Plaintiffs should not be allowed a "'do over' because of their own prior false statements, particularly where their rights were fully and completely protected and adjudicated." (Defs.' Resp. 2, ECF No. 494.)

"The office of a nunc pro tunc ('now for then') order is to clean up the records by showing what was previously done with effect from the time done; it is not to alter substantive rights." *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325 (7th Cir. 1992) (quoting *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987)). In other words, the phrase is "descriptive of the inherent power of the court to make its records speak the truth—to record that which was actually done, but omitted to be recorded. It is no warrant for the entry of an order to record that which was omitted to be done." *Id.* (quoting *W.F. Sebel Co. v. Hessee*, 214 F.2d 459, 462 (10th Cir. 1954)). "A judge can issue a nunc pro tunc order to change records to reflect what actually happened, though not to rewrite history." *Mosley v. Atchison*, 689 F.3d 838, 842 (7th Cir. 2010). Here, what the Court omitted to do when it ruled that the Law Firm Defendants were entitled to judgment as a matter of law was make the specific finding that there was no just reason for delaying the entry of final judgment. However, the Court did not omit to direct the entry of final judgment. The Court intended all along for the order to be final, and the order was actually rendered final by the Clerk's entry of final judgment. Thus, the *nunc pro tunc* order makes the record speak the truth and does not revise the substance of what transpired—a

determination that immediate appeal was appropriate. That the Court had no reason to exercise its discretion to invoke Rule 54(b) as a means to "accelerate appellate review of select portions of [the] litigation." *Local P–171, Amalgamated Meat Cutters and Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1071 (7th Cir. 1981), or to "weigh the virtues of accelerated judgment against the possible drawbacks of piecemeal review" *id.* at 1072, was because the jurisdictional "truth" was that the Plaintiffs were already allowed to immediately appeal the Court's decision based on the belief that the decision ended the litigation and left nothing to be decided in the district court.[2] At no time after the Court issued its Opinion and Order indicating that the Law Firm Defendants were the only remaining parties did the Plaintiffs suggest that this was incorrect or that there were other aspects of the litigation that remained unresolved. To the contrary, this belief about the case continued all the way through the next level of appeal, where the Plaintiffs assured the Court of Appeals that it had jurisdiction because the Court's August 30, 2011, Opinion and Order granted summary judgment "as to all remaining claims and parties" and that, "all claims against all parties before the District Court as identified

---

[2] During the course of briefing the summary judgment motions and responding to inquiries about the Court's jurisdiction, the Plaintiffs intimated that the Law Firm Defendants were the only remaining Defendants in the case. The Plaintiffs indicated that they waived their RICO claims, Counts 5, 8, and 11 (Pls.' Am. Resp. 49 n.8, ECF No. 433) and conversion and theft claims, Counts 6 and 9 (Pls.' Surreply 4, ECF No. 443). The cross motions for summary judgment addressed the following claims: (1) legal malpractice and negligence (Count 19); (2) violations of § 10(b) of the Securities Act of 1934 and Rule 10b-5 and of Indiana and Michigan securities laws (Count 4); (3) fraud (Count 10); and (4) civil conspiracy (Count 14). As to all other counts alleged in the Fourth Amended Complaint—the counts that were not addressed in the motions or waived—the Plaintiffs stated that they were unrelated to the Law Firm Defendants "and have been resolved as a result of dismissal in one form or another." (Pls.' Surreply 3, ECF No. 443).

When counsel for the Plaintiffs requested that the Court allow him to withdraw [ECF No. 452] his representation for three of the Plaintiffs after the briefing on summary judgment was complete, they opposed the request. Their letters [ECF Nos. 453, 454 ] demonstrate their belief that the litigation was winding down and would be finalized shortly upon the Court's decision on the summary judgment filings.

in the Fourth Amended Complaint (Document 168) have been completely disposed."[3]  The Court of Appeals affirmed the entry of summary judgment on August 16, 2012, and issued its mandate on September 7, 2012.

Two months after the Court of Appeals affirmed the decision granting summary judgment for the Law Firm Defendants, the Court realized through CM/ECF that the Clerk had not closed the case. The court held a telephonic status conference with Plaintiffs' counsel to discuss the status of the case. The Court noted that three parties had no specific event that prompted the Clerk to terminate their involvement in this litigation. (Later, the Court would discover that other parties remained pending even though CM/ECF recognized a terminating event.) In this process, the Plaintiffs decided to pursue judgment against the parties that "both Counsel for Plaintiffs and Defendants as well as [the] Court had previously thought had been resolved in the litigation." (Pls.' Verified Reply ¶ 23, ECF No. 496.)

The *nunc pro tunc* order does not alter the substantive rights of the Plaintiffs; they desired to appeal the adverse ruling, and the entry of final judgment allowed them to do so. The

---

[3] In the Plaintiffs' Jurisdictional Memorandum, they represented that the district court's August 30, 2011, Opinion and Order granted summary judgment "as to all remaining claims and parties" in favor of the Law Firm Defendants. The Plaintiffs stated that, "all claims against all parties before the District Court as identified in the Fourth Amended Complaint (Document 168) have been completely disposed," and asserted that the final judgment was an appealable judgment within the meaning of 28 U.S.C. § 1291. [Case 11-3224, ECF No. 7-1] The Plaintiffs' opening brief also addressed jurisdiction: "There are no claims and/or parties that remain for disposition before the District Court in this Action. There are no parties to the litigation appearing in an official capacity. There are no related appeals. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291." (Am. Br. and Required Short App. of Pls.-Appellants 7, Case 11-3224, ECF No. 24.) The Court of Appeals, in its decision affirming summary judgment for the Law Firm Defendants, noted that the defendant attorneys were "the only defendants remaining in the case." *Rosenbaum v. White*, 692 F.3d 593, 595 (7th Cir. 2012).

Plaintiffs received full and fair opportunity to prosecute their action at the appellate level.[4] The Plaintiffs argue that their substantive rights are altered by the *nunc pro tunc* entry because they should be allowed to appeal the Court's summary judgment ruling as if the previous appeal never occurred, and the *nunc pro tunc* designation prevents this. But if the Plaintiffs are correct that this Court's order cannot create appellate jurisdiction where none previously existed, the Plaintiffs will have the opportunity to seek appropriate remedies through the appellate process when this case comes to final disposition. If jurisdictional defects are, in fact, remedied by the *nunc pro tunc* order because it memorializes the truth under which the parties and courts operated previously when they believed the order on appeal was "final," then the Plaintiffs will have already exercised all the substantive rights they are due. In either scenario, this Court's order will not alter the substantive rights of the Plaintiffs to appeal the Court's adverse summary judgment decision. On the other side, to undo all that has occurred since the order of August 30, 2011, would work an extreme prejudice on the Law Firm Defendants, who have defended this action at the trial court and on appeal. If the Court grants the Plaintiffs' Motion, the Plaintiffs have indicated that they will initiate a new appeal where they hope to present better argument in support of their claims. The Law Firm Defendant would be required to defend this appeal a second time.

---

[4] The Plaintiffs argue that the entry of final judgment *nunc pro tunc* unfairly and prejudicially denies them the right to seek certiorari before the Supreme Court. The Law Firm Defendants note that, if the Plaintiffs had really wanted to take their appeal to the Supreme Court, all they had to do was ask the district court to expedite a *nunc pro tunc* 54(b) order during the period for rehearing or the certiorari period. The Plaintiffs contend that they did not continue to seek certiorari because the Supreme Court would have been without jurisdiction to consider the decision of the Court of Appeals because it was issued without jurisdiction. The prejudice the Plaintiffs claim in not being able to seek certiorari is the result of their own view of the jurisdictional issue, and could have been avoided by continuing to seek certiorari.

It would have been proper to enter a Rule 54(b) order when the Court ruled in favor of the Law Firm Defendants, as the Court's ruling was a "decision upon a cognizable claim for relief" and was "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Neither party has suggested that the Court has not exercised its discretion appropriately with regard to Rule 54(b). The Plaintiffs' only argument is that compliance with Rule 54(b) now cannot take the place of what was not done earlier. Although the Court cannot locate a single case that discusses the power to enter an order *nunc pro tunc* after the appeal has already been decided, there is support for adding a Rule 54(b) certification to an order *nunc pro tunc* after the filing of a premature notice of appeal. *Amalgamated Meat Cutters*, 642 F.2d at 1073. In the absence of clear precedent preventing the *nunc pro tunc* designation after the appeal has been decided, and in consideration of the substantive rights that the Plaintiffs have exercised, and the extreme prejudice that undoing the previous record would work on the Law Firm Defendants, the Court cannot, in good judicial conscience, be convinced that justice requires that it elevate form over substance and upend the judgment from this Court. The combination of factors in this case presents the rare scenario that justifies a *nunc pro tunc* creation of jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court DENIES the "Plaintiffs' Motion to Correct Error, and Reconsider Regarding the Order of February 20, 2013 (ECF 489) and, Accordingly, the Finality of that Certain Final Judgment Issued August 30, 2011 (ECF 465 and 466)" [ECF No. 493]. The Court corrects the typographical error in the Order of February 20, 2013: Finding

8

no just reason for delay, the Court directs the entry of final judgment in favor of Defendants Beau Jack White, James Thomas Beaman, and Johnson, Beaman, Bratch & White, LLPs, and against the Plaintiffs *nunc pro tunc* to August 31, 2011.

SO ORDERED on May 23, 2013.

                                             s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT